# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Rosanne Edwards Murphy,               ) | |
|                                       ) | |
|                      Plaintiff,       ) | Civil Action No.: 2:05-2519-CWH |
|                                       ) | |
|              versus                   ) | |
|                                       ) | |
| Charleston Mental Health; Marsha      ) | **ORDER** |
| Salisbury, Doctor; Marilyn Caylor, Social ) | |
| Worker; Debra Parks, Family Services; ) | |
| Rebecca McRidden, also known as Becca ) | |
| McRidden, also known as Becky         ) | |
| McRedden,                             ) | |
|                                       ) | |
|                      Defendants.      ) | |
| _____ ) | |

On August 31, 2005, the plaintiff, a resident of South Carolina, filed a complaint *pro se* against Charleston Mental Health and its employees: Marsha Salisbury, Marilyn Caylor, Debra Parks and Rebecca McRidden. On September 19, 2005, the plaintiff filed a motion for a temporary restraining order. The plaintiff did not allege the citizenship of any of the parties. Charleston Mental Health is operated by the South Carolina Department of Mental Health.

On September 19, 2005, Magistrate Judge George C. Kosko filed a report and recommended that this action be dismissed for lack of jurisdiction. On September 26, 2005, the plaintiff filed objections to the magistrate judge's report and recommendation.

Although the plaintiff's *pro se* complaint is liberally construed, federal courts are of limited jurisdiction. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is without 28 U.S.C. §1332 diversity jurisdiction because there is not complete diversity of citizenship. Strawbridge v. Curtiss, 7 U.S. 267 (1806); Owen Equip. & Erection Co., v. Koger,

437 U.S. 365, 372-74 (1978).

The plaintiff alleges that at the behest of an unidentified court order, police handcuffed her, shackled her, and committed her to Charleston Mental Health to be treated for schizophrenia. The plaintiff claims that Charleston Mental Health and its employees violated professional standards and committed medical malpractice. The plaintiff seeks "justice" and the revocation of the defendants' medical licenses. She also claims that she is unable to identify her son Chad Christian Edwards ("Chad") and requests a DNA test because "all the Chads look like him." In addition, she seeks visitation rights with all the other Chads.

Although medical malpractice is a cause of action under South Carolina state law, the complaint has not raised any federal questions. Pederson v. Gould, 341 S.E.2d 633, 634 (1986). Negligence is not a cause of action under 42 U.S.C. §1983. Daniel v. Williams, 474 U.S. 344, 345-48 (1986). Similarly, medical malpractice is not actionable under 42 U.S.C. §1983. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Neither does the plaintiff's claim for mental harassment give rise to a cause of action pursuant to 42 U.S.C. §1983. Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985). Therefore, this court is without 28 U.S.C. §1331 federal question jurisdiction.

Accordingly, the Court adopts the report and recommendation and dismisses this action without prejudice and without service of process for lack of jurisdiction. The outstanding motion for a temporary restraining order is rendered moot.

**AND IT IS SO ORDERED.**

*[signature: C. Weston Houck]*

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

Charleston, South Carolina
October 27, 2005